IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| Willie M. Terry, III, ) | |
| ) | C.A. No. 1:06-452-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER and OPINION** |
| ) | |
| Foremost Signature Insurance Company, ) | |
| ) | |
| Defendant. ) | |

_____

Plaintiff Willie M. Terry, III alleges that Defendant Foremost Insurance Company was under contract to provide insurance coverage for Plaintiff's mobile home since February 23, 2001. Complaint, 1. Plaintiff states that the insurance policy "included, but was not limited to fire insurance coverage in the amount of $42,000.00; other structures in the amount of $2,100.00; personal property/effects in the amount of $12,600.00; personal liability/medical in the amount of $50,000; special endorsement for computer with a value of $1,400.00, etc." Id. at 1-2. According to Plaintiff, the insured mobile home was destroyed by fire on November 18, 2003. Id. at 2. Plaintiff avers that he subsequently made a claim for benefits due under the policy. Id. at 3. Plaintiff alleges that "although [a] demand for payment has been made by [Plaintiff], the terms of the [c]ontract have been broken . . . ." Id. Plaintiff claims to have "suffered damages, both real and punitive," and argues that Plaintiff "is entitled to judgment against defendant in an amount to be determined by the trier of fact, plus attorneys' fees and other costs of this action." Id.

On February 15, 2006, Defendant filed a notice of removal to this court. Defendant states that Plaintiff is a citizen of South Carolina and Defendant is a "Michigan corporation formed in the State of Michigan with its principal place of business located in Michigan." Notice of Removal, 2. Defendant also contends that Plaintiff's complaint seeks damages believed to be in excess of $75,000, exclusive of interest and costs. Id. at 2. Accordingly, Defendant argues jurisdiction is proper in this court under 28 U.S.C. § 1332(a)(1). Id. at 3.

On February 24, 2006, Plaintiff filed a motion to remand the case to state court. Plaintiff does not challenge that the parties are diverse. However, Plaintiff argues that jurisdiction is improper in this court because the amount in controversy falls below $75,000.[1] Memorandum in Support of Remand, 2. Accordingly, Plaintiff moves the court to remand the case to state court. Id.

Defendant filed a memorandum in opposition to Plaintiff's motion on March 1, 2006. Defendant argues that "Plaintiff's complaint alleges that the value of the contract at issue totals approximately $108,100.00." Memorandum in Opposition to Remand, 2. Defendant states that while "it is unclear what causes of action [P]laintiff is pursuing," Plaintiff may also be entitled to punitive damages as the complaint suggests Plaintiff is asserting a cause of action for "Breach of Contract Accompanied by a Fraudulent Act and/or Insurance Bad Faith Claim." Id. at 3 n. 1. Defendant reiterates that jurisdiction is proper in this court as the parties are diverse and the amount in controversy exceeds $75,000.00.

## LAW/DISCUSSION

---

[1] Plaintiff argues that the amount in controversy in his claim against Defendant is "a total of $58,100.00." In support, Plaintiff argues that his claim against Defendant implicates only the insurance coverage for "structure- $42,000.00; other structure- $2,100.00; personal property/effects- $12,600.00; and special endorsement for computer- $1,400.00." Memorandum in Support of Remand, 2.

The burden of establishing federal jurisdiction is placed upon the party seeking removal. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). When determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. Thompson v. Victoria Fire & Casualty Co., 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938)). Ordinarily, the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith. Wiggins v. North American Equitable Life Assurance Co., 644 F.2d 1014, 1016 (4th Cir. 1981). In these situations, it must appear to a "legal certainty" that the plaintiff cannot recover the jurisdictional amount before the case will be dismissed for want of jurisdiction. Id. Punitive damages must be considered in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages. Bell v. Preferred Life Assurance Society, 320 U.S. 238, 240 (1943).

Defendant alleges in its notice of removal that "the value of the matter in dispute in this case, upon information and belief, exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, as it appears from the allegations contained in Plaintiff's complaint, which indicates the value of the contract at issue is $108,100." Notice of Removal, 2. The court disagrees.

Plaintiff's complaint lists with specificity the extent of the coverage allegedly provided by the disputed insurance policy. Complaint, 1-2. The facts supporting Plaintiff's complaint allege that a fire occurred at Plaintiff's mobile home resulting in the loss of the home and its contents. Id. at 2. Plaintiff's complaint fails to allege any medical expenses or other facts implicating the "personal liability/medical" component of the disputed insurance coverage. Excluding this $50,000 in

potential insurance coverage from the damages sought in this action, Plaintiff's claim falls below the jurisdictional threshold of $75,000.00. See 28 U.S.C. § 1332(a)(1).

Defendant next claims that Plaintiff may be entitled to recovery in excess of the jurisdictional threshold because Plaintiff demands punitive damages in his complaint. Memo in Opposition to Remand, 3. It is well established in South Carolina that a "mere breach of a contract, even if willful or with fraudulent purpose, is not sufficient to entitle a plaintiff to go to the jury on the issue of punitive damages." Lister v. NationsBank of Delaware, N.A., 494 S.E.2d 449, 454 (S.C. App. 1997). "Absent a 'fraudulent act accompanying the breach,' there can be no recovery for punitive damages." Id. Plaintiff's complaint avers that Defendant has breached the terms of an alleged insurance contract. Complaint, 2 ("[T]he terms of the contract [between Plaintiff and Defendant] have been broken . . . ."). Plaintiff's complaint is void of any reference to a fraudulent act on the part of the Defendant and punitive damages are not recoverable.

Defendant also argues that Plaintiff's complaint may be read to allege a cause of action for "Insurance Bad Faith." Memo in Opposition to Remand, 3 n.1. Under South Carolina law, if an insured can demonstrate bad faith or unreasonable action by the insurer in processing a claim under their mutually binding insurance contract and that the insurer's actions were willful or in reckless disregard of the insured's rights, an insured may recover both consequential and punitive damages. See Nichols v. State Farm Mut. Auto. Ins. Co., 306 S.E.2d 616, 619 (S.C. 1983). In the instant matter, Plaintiff makes no argument raising this cause of action nor does Plaintiff allege any facts to indicate such a claim is viable. Thus, it appears to a legal certainty that Plaintiff is not entitled to punitive damages as South Carolina law specifically forbids such recovery in the underlying

breach of contract action. Absent a valid claim for punitive damages, Plaintiff's complaint fails to satisfy the $75,000 threshold for jurisdiction to be proper in this court. See 28 U.S.C. § 1332(a)(1).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand the captioned case back to the Circuit Court for Barnwell County, South Carolina is **GRANTED**. This remand is without prejudice and, subject to the time limitations outlined in 28 U.S.C. § 1446 (b), Defendant may again remove the case to federal court if "an amended pleading, motion, order or other paper" later establishes "that the case is one which is or has become removable."

**IT IS SO ORDERED.**

                                                 /s/ Margaret B. Seymour  
                                                 Margaret B. Seymour  
                                                 United States District Judge

May 1, 2006  
Columbia, South Carolina